UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Acuity,

                Plaintiff,        Case No. 13-cv-15007
                                    Hon. Judith E. Levy
v.                                       Mag. Judge R. Steven Whalen

Condor Piping Inc, *et al.*,

                Defendant(s).

_____/

## ORDER GRANTING IN PART AND DENYING IN PART THE ALAN GROUP'S MOTION TO STAY [119]

This is a complex insurance and indemnity case that ultimately concerns two discrete issues. The first is which insurance company, Acuity or Fireman's Fund, is responsible for tendering defense and providing potential indemnity coverage in ongoing Michigan state court litigation. The second is a dispute among the other parties – Condor Piping, Inc. ("CPI"), the Alan Group, Inc. ("Alan"), and Griffin, Smalley & Wilkerson, Inc. ("GSW") – as to how and whether proper insurance was secured for the construction project at issue in the state court litigation.

On July 8, 2015, Alan filed a motion to stay proceedings in this case pending the outcome of an appeal in Michigan state court of the trial court judgment on the underlying issues this case – namely, the liability of Alan and Condor to property insurers for damage resulting from a fire suppression system that Condor installed in a building as subcontractor for Alan. (Dkt. 119.) Fireman's Fund and GSW concurred in the motion (Dkts. 121, 123), and Acuity opposed the motion (Dkt. 122). The Court was informed at oral argument, held on August 17, 2015, by Alan's counsel that Condor supports the motion.

In brief, the parties requesting a global stay of this case argue that, if the state trial court ruling is upheld, the claims related to securing proper insurance brought by Alan, Condor, and GSW will be moot. They also argue that the declaratory judgment actions regarding the tender of defense and indemnity coverage are likely to settle if the action is stayed until the state court case has run its appellate course.

Acuity, in turn, argues that a global stay is not justified, because injury will continue to accrue to it without resolution of the declaratory judgment actions. Acuity is currently tendering defense costs for both Alan and Condor in the state court action, and will continue to do so for

the duration of any stay pending a final decision of the Michigan Court of Appeals or the Michigan Supreme Court. This, Acuity argues, constitutes an ongoing harm in light of its argument that it has no obligation to tender a defense (which has cost Acuity over $200,000 to date) to either Alan or Condor.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (citing *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir.1977) (citation and internal quotation marks omitted)).

As set forth above, this case is really two sets of disputes. One is about which insurance company, if any, is responsible for the tender of defense and provision of potential indemnity coverage in state court litigation, the other is about who, if any, is responsible for an alleged failure to secure proper insurance for the underlying construction project.

The first set of disputes consists of Acuity's complaint against Alan, Condor, and Fireman's Fund (Dkt. 1), Condor's cross-complaint against Fireman's Fund (Dkt. 8), and Fireman's Fund's cross-claim against Condor. (Dkt. 20.) The second set of disputes consists of Alan's cross-claim against Condor (Dkt. 34), Alan's third-party complaint against GSW (Dkt. 35), Condor's cross-claim against GSW (Dkt. 56), and GSW's cross-claim against Condor. (Dkt. 57.)

A stay will not benefit the declaratory judgment actions. The central issue in those actions is which insurer is responsible for covering the ongoing expense of legal representation in Michigan state court. Delaying a decision on the declaratory judgment actions does not make a resolution of those issues more likely. The state court litigation does not concern this issue, and will have no substantive bearing on its outcome. Instead, delay will only exacerbate the injury Acuity alleges and prolong the uncertainty as to which insurer, if any, is responsible for providing coverage in this dispute.

To the extent the parties supporting the stay argue that the resolution of the state court proceedings will make a settlement of the declaratory judgment actions more likely, they do not provide a reason

why other than the fact that the amount in controversy is substantially less than the alleged damage resulting from the fire suppression equipment malfunction. The state court proceedings will provide no guidance as to the interpretation of the insurance contracts, and will only increase the amount owed by whichever insurer is required to tender Alan and Condor's defense.

A stay will, however, benefit the actions concerning the alleged failure to secure proper insurance coverage. First, all of the parties to those actions are all seeking to stay the case. Second, the actions each concern coverage that will not be at issue if the state trial court decision is upheld, because there will be no liability on the part of Alan or Condor for either insurer to indemnify. Unlike in the declaratory judgment actions, a state court appellate decision favorable to Alan and Condor will partially or completely remove the need for further litigation in this matter.

For the reasons set forth above, it is hereby ordered that:

Alan's motion to stay proceedings (Dkt. 119) is GRANTED IN PART and DENIED IN PART;

Alan's cross-claim against Condor (Dkt. 34), Alan's third-party complaint against GSW (Dkt. 35), Condor's cross-claim against GSW (Dkt. 56), and GSW's cross-claim against Condor (Dkt. 57) are STAYED until 60 days after resolution of the underlying state court litigation; and

The Court will hold oral argument on the remaining motions for summary judgment (Dkts. 80 (in part), 83, and 85) on October 1, 2015.

IT IS SO ORDERED.

Dated: August 19, 2015         s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 19, 2015.

                               s/Felicia M. Moses
                               FELICIA M. MOSES
                               Case Manager